**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| GINO BUTLER, | : | PRISONER HABEAS CORPUS |
|    Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| WALTER BERRY, Warden, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:15-CV-3038-TWT-JFK |

**MAGISTRATE JUDGE'S ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

Petitioner, Gino Butler, confined in Central State Prison in Macon, Georgia, challenges via 28 U.S.C. § 2254 his January 13 and 20, 1989, DeKalb County convictions. (Pet., ECF No. 1). Petitioner seeks to proceed without paying the $5.00 filing fee, and for the purpose of dismissal, he is **GRANTED** *in forma pauperis* status. The matter is now before the Court for a review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires the Court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"

AO 72A
(Rev.8/82)

## I. Discussion

In Butler v. Frazier, No. 1:11-CV-0682-TWT (N.D. Ga. May 31, 2011) (hereinafter "Butler"), Petitioner submitted a federal habeas corpus petition challenging the same January 13 and 20, 1989, DeKalb County convictions that he challenges in the instant petition. Pet., Butler. The Court dismissed the petition in Butler as untimely. See Final R. & R., Butler. Once this Court has Dismissed as untimely a federal habeas corpus challenge to custody pursuant to a state court conviction, it lacks jurisdiction to entertain a subsequent challenge to the same custody and conviction without prior authorization from the Eleventh Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A); Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1259 (11th Cir. 2009); see also Morris v. Fla. Dep't of Corr., 519 F. App'x 990, 990 n.3 (11th Cir.) (noting that dismissal of petition as untimely is considered to be with prejudice and that a subsequent petition is considered successive), cert. denied, _ U.S. _, 134 S. Ct. 473 (2013). Because this petition is a successive attack on Petitioner's 1989 DeKalb County convictions and because Petitioner did not obtain the required authorization to bring another petition, the Court lacks jurisdiction over the current petition.

## II.    Certificate of Appealability ("COA")

Under Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted), pet. for cert. filed, (U.S. Aug. 4, 2015) (No. 15-5522).

> When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack, 529 U.S. at 484).

3

The undersigned recommends that a COA should be denied because it is not debatable that this action is successive and that Petitioner lacks authorization to file a successive petition. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III.  Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that this petition for a writ of habeas corpus [1] be **DISMISSED** for lack of jurisdiction and that a COA be **DENIED**

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO ORDERED**, **RECOMMENDED**, **and DIRECTED** this 8th day of September, 2015.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)